NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL G. CRAMER,

        Plaintiff - Appellant,

  v.

LELAND DUDEK, Acting Commissioner
of Social Security,

        Defendant - Appellee.

No. 24-1768

D.C. No.
2:22-cv-01644-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted March 28, 2025[**]
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Michael Cramer appeals from the district court order affirming the agency's

denial of disability insurance benefits between June 28 and December 31, 2013.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This appeal concerns the third of three Administrative Law Judge (ALJ) decisions. After receiving a partially favorable decision that he became disabled on March 30, 2015, Cramer challenges the denial of disability insurance benefits during the roughly six-month window between June 28 and December 31, 2013.

Cramer first contends that the ALJ erred prejudicially and violated his constitutional right to due process by failing to attach electronic filings from his prior applications to the exhibit list and court transcript. While it is uncontested that the ALJ neglected to attach certain exhibits that Cramer's counsel had "no objection" to admitting into evidence, this clerical mishap had no bearing on the factual and legal determinations under review. Although the exhibits were mistakenly omitted, the ALJ correctly identified the evidence at hearing. Then, after the Commissioner filed a corrected record on August 2, 2023, the district court amended the briefing schedule to give Cramer's counsel more time for briefing. Cramer does not cite any reason why this process caused him prejudice.

Cramer's attempt to make a constitutional violation out of the ALJ's filing errors falls short for similar reasons. Cramer and his counsel knew about the documents that went unlisted in the ALJ's table of exhibits. There was ample opportunity "to be heard 'at a meaningful time and in a meaningful manner,'" once the district court filed a corrected record and gave Cramer more time for briefing. *Ford v. Saul*, 950 F.3d 1141, 1158 n.12 (9th Cir. 2020) (citing *Mathews v.*

*Eldridge*, 424 U.S. 319, 333 (1976)). There was no due process violation.

Cramer also challenges the ALJ's treatment of his subjective symptom testimony and the objective medical evidence. When a claimant subjectively endorses symptoms backed by objective medical evidence, ALJs must either point to evidence of malingering or "provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024). That is exactly how the ALJ proceeded in this case, when she acknowledged, "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," then explained why "the intensity, persistence and limiting effects of these symptoms are not fully supported by the record." With respect to the six-month period in question, the ALJ remarked that "testing conducted in and subsequent to June 2013 through his established onset date consistently indicated normal liver enzyme levels with normal bilirubin and albumin levels," then offered several reasons why she found that "the overall findings and observations on physical examination do not support the severity or frequency of the claimant's allegations." These constitute "specific, clear, and convincing reasons" for discounting Cramer's subjective symptom testimony.

As to the treatment of Cramer's many medical evaluations, the ALJ not only

listed all the medical opinions that she considered in reaching her decision, but also explained why she gave "little weight" to each one. Cramer mentions two medical evaluations by Dr. Fritchen and Mr. Paquette, MSW that did not appear in the ALJ's section on professional medical opinions. Even there, however, the ALJ cited multiple times to Dr. Fritchen's evaluation notes to illustrate unremarkable findings and conflicting testimony in the record. Similarly, Mr. Paquette's observations about Cramer's "agitated" appearance and behavior and "dysphoric" and "anxious" mood and affect are addressed by the ALJ's handling of other psychological evaluations that predate the amended alleged onset date, where it was noted that "routine findings and observations subsequent to the amended alleged onset date suggest that the claimant typically had a normal mood and affect; a normal thought process with normal thought content; and unremarkable psychomotor activity." Cramer fails in his attempt to challenge the ALJ's treatment of the medical evidence.

Finally, the ALJ committed no reversible error at steps two, three, and four of the five-step disability evaluation process. As set forth in 20 C.F.R. §§ 404.1520(c) and 416.920(c), the ALJ assessed at step two whether Cramer had "any impairment or combination of impairments which significantly limit[ed] [his] physical or mental ability to do basic work activities" and ultimately concluded that he had two: fatty liver disease and cardiac disease. Though Cramer offers

24-1768

"many other severe impairments" that he says "more than minimally affected [his] ability to perform basic work activities," he fails to overcome the substantial evidence supporting the ALJ's careful explanation of why she did not accept other "physical diagnoses" in the record as severe.

As for steps three and four of the disability evaluation process, we only overturn Residual Functional Capacity (RFC) assessments when "the ALJ did not articulate any specific, clear, and convincing reasons for discounting" evidence in the record. *Ferguson*, 95 F.4th 1194, 1204. As discussed above, the ALJ recognized that Cramer's medically determinable impairments *could* limit his functionality, but ultimately concluded that the record did not support a finding of such limitations. The ALJ cited many reasons for this analysis, including normal test findings, reports of being "alert and oriented with normal speech," and "inconsistent or otherwise inaccurate statements [that] detract from the reliability of the claimant's self report." Cramer's claims do not point to insufficient evidence or legal error.

**AFFIRMED.**